JANVIER, Judge.
At about 7:30 o’clock on the night of April 9, 1955, as Mrs. Benny Bartholomew was driving a Ford automobile belonging to the community which existed between herself and her husband, it crashed “head-on” into the front of a DeSoto car belonging to Henry Roberts, which had “stalled” and was standing, facing in the opposite direction, on the Lafitte highway which, in the Parish of Jefferson, runs from the Mississippi River to Lafitte, a settlement on Bayou Barataría.
The Bartholomew car was practically demolished and Mrs. Bartholomew sustained physical injuries. Mr. and Mrs. Bartholomew brought this action against Henry Roberts, the owner of the stalled DeSoto car, Lonie Malone, the father of the minor, Lonie Malone, Jr., who was in charge of the Roberts’ car, and also against Marquette Casualty Company, the liability insurance carrier of Roberts, Mrs. Bartholomew praying for solidary judgment in the sum of $2,000 as recompense for her physical injuries, and Benny Bartholomew praying for solidary judgment for $2,113, $63 of which is alleged to represent the cost of medical treatment to his wife and $2,050 of which is alleged to represent the value of the Ford car which allegedly was damaged “beyond economical repair.”
Plaintiffs allege that the accident was caused by the negligence of young Malone, who backed the Roberts’ DeSoto from a private driveway on to the highway, and that the young man was guilty of the following acts of negligence: failing to keep a proper lookout; allowing the car to stop and remain stationary on the highway; turning out the lights of the car while it was dark and raining; failing to warn Mrs. Bartholomew by placing flares or danger signals on the highway, and in backing out into the highway without looking to see if it was clear.
Defendants answered, admitting the occurrence of the accident, the ownership of the DeSoto by Roberts; that that car was in charge of young Malone and that Marquette Casualty Company was the liability insurance carrier of Roberts.
All defendants denied that there had been any fault on the part of young Malone, and averred that the accident had been caused solely by fault of Mrs. Bartholomew, who was driving the Ford car which crashed into the stationary DeSoto car, and that her negligence consisted of the following acts: driving at an excessive rate of speed around a curve; failing to keep a proper lookout; failing to observe the DeSoto car in the highway; and failing to pass to the side.of the DeSoto car “where there was plenty of room on the highway.” Defendants, in the alternative, specially pleaded contributory negligence in Mrs. Bartholomew.
There was judgment .dismissing the suit of plaintiffs, and they have appealed.
There is very little dispute over the facts. Mrs. Bartholomew was operating the Ford, *237 which was going in a general southwesterly-direction or towards Lafitte which is away from the Mississippi River. She was accompanied by her sister, Mrs. Elta Colom-bel, and her sister-in-law, Mrs. William Dinnett.
Young Malone was alone in the Roberts car. He decided to drive that car towards the Mississippi River which was in the direction opposite that in which the Bartholomew Ford was going. To do this it was necessary that he back the car on to the road and then turn it forward towards the Mississippi River. He backed the car from the driveway into the highway and says that, just before entering the highway, he looked carefully in both directions and saw no cars approaching. It is conceded that, at that time, the headlights of the DeSoto car were burning. Pie then backed the DeSoto across the first half of the highway and straightened the car into the direction in which he wished to proceed. At that time the motor stalled and the car remained stationary on the highway.
Malone says that he directed his attention to an attempt to start the car but that, when the car had been standing from 20 seconds to half a minute, the Barthlomew car, which he did not see, approached at high speed and crashed almost headlong into the right front portion of the DeSoto, the right front portion of the Bartholomew car skidding into the DeSoto and then “she went in the ditch and hit the pole.”
Mrs. Bartholomew concedes that shortly before the collision the speed of her car had been “about fifty-five”; that it had rained all day and that the street was wet. She says that she was coming around the curve and that while her car was in the curve she saw lights in the driveway and reduced her speed to “about forty, I would say, maybe slower” She says that then she saw no lights of the other car and, because of the dark color of the other car, she did not see it. She says that after striking the De-Soto she lost control of her car and “it skidded off and went in the ditch and hit the telephone post.”
Young Malone says that the lights on his car were burning and in this he is corroborated by five witnesses, four of whom it is true were members of his family, the fourth of whom, however, Aubin Pitre, was a disinterested passerby. A highway official who arrived later said that when he reached the scene the lights were not burning and that one of them was broken.
We are not particularly concerned with the possible negligence of young Malone. If the car was in good working condition and if, when he backed the car into the highway, his lights were burning and he saw no other car approaching, he was not negligent in doing what he did, but whether he was or was not, there is no doubt whatever of the contributory negligence of Mrs. Bartholomew.
It is conceded that after she completed the curve her car was at least 125 feet from the stalled car and yet she did not see it and did not stop until it was too late.
In oral argument counsel for plaintiff conceded that the evidence showed beyond any doubt that the lights of the stationary car were burning as Mrs. Bartholomew approached it, and he argued that the cause of the collision was the fact that the DeSoto was on the wrong side of the highway and that the headlights which faced her “confused” Mrs. Bartholomew. If that is what happened then she was undoubtedly negligent in continuing at a speed of approximately 40 miles an hour directly into the headlights of the car which faced her.
The sole proximate cause of this accident was the negligence of Mrs. Bartholomew.
The judgment appealed from is affirmed at the cost of appellants.
Affirmed.